UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD E. WISHART, | ) | 1:09-CV-01118 LJO SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | [Doc. #15] |
| NEIL H. ADLER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 16, 2010, the undersigned issued an order dismissing the petition and directing the Clerk of Court to enter judgment and close the case. The Court also declined to issue a certificate of appealability. On April 26, 2010, Petitioner filed the instant motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;
      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.

Petitioner's arguments do not satisfy this standard. As discussed in the previous order, Petitioner is challenging the validity or constitutionality of his conviction. Therefore, his avenue for relief is by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. Tripati v. Henman, 843 F.2d 1160, 1162-63 (9th Cir.1988). In rare situations, a petitioner may proceed under § 2241 if he can satisfy the savings clause set forth in § 2255(e). For reasons set forth in the previous order, Petitioner fails to do so.

Further, Petitioner is mistaken in his assertion that the Court has recharacterized his petition. The petition was filed as a habeas petition pursuant to 28 U.S.C. § 2241 and was dismissed as such. As stated in the dismissal order, the Court lacks jurisdiction to entertain his complaints.

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:**   **May 5, 2010**                              /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE